Plaintiff's Name LAMONT SHEPARD
Inmate No. K29682
Address Corcoran STATE Prison
P.O. BOX 8800 -- 4BIL-052R
Corcoran, California 93212



APR 3 0 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ _____
                DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT SHEPARD

(Name of Plaintiff)

vs.

BASS, G.Miranda. et al.

_____

_____

_____

_____

(Names of all Defendants)

1: 1 0 CV 0 0 7 5 4  SKO   PC

(Case Number)

COMPLAINT

Civil Rights Act, 42 U.S.C. § 1983

I. Previous Lawsuits (list all other previous or pending lawsuits on back of this form):

A. Have you brought any other lawsuits while a prisoner? Yes ✓ No __

B. If your answer to A is yes, how many? THREE (3)
   Describe previous or pending lawsuits in the space below.  — ON BACK —
   (If more than one, use back of paper to continue outlining all lawsuits.)

   1. Parties to this previous lawsuit:

   Plaintiff ~~xxxxxxxxxx~~ SHEPARD, L _____

   Defendants T. QUILLEN _____
   _____
   _____

   2. Court (if Federal Court, give name of District; if State Court, give name of County)
      EASTERN District Court _____

   3. Docket Number 1:09-CV-02809-DLB    4. Assigned Judge Is/Dennis L. Beck

   5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

RECEIVED still pending?

   6. Filing date (approx.) May 7, 2009    7. Disposition date (approx.) _____
APR 3 0 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

1

2nd Suite.

Plaintiff; LAMont Shepard

Defendants; DR. Cohen, et al.,

COURT; EASTERN DISTRICT COURT

DOCKET NO. 1:09-CV-01628-DWW-GSA

Assigned Judge: ISI GARY S. AUStin

DISPOSITION: Still Pending

Filing DATE: September 15, 2009


3rd suite:

   Plaintiff; LAMont ShePARD

   Defendant's; JAMES E. TILTON, ET AL..

   COURT; EASTERN DISTRICT COURT

   DOCKET NO.1:10-CV-00023-DLB(PC)

   Assigned Judge: Dennis L.Beck

   Filing DATE: JANUARY 06,2010

## II.    Exhaustion of Administrative Remedies

A.    Is there an inmate appeal or administrative remedy process available at your institution?

Yes ✓  No___

B.    Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes ✓  No___

If your answer is no, explain why not_____

_____

_____

_____

C.    Is the process completed?

Yes___         If your answer is yes, briefly explain what happened at each level.

_____

_____

No **X**          If your answer is no, explain why not.
    CSP-Corcoran is currupptten and refusing to answer   Plaintiff  602
    complaint. How I tried And have a copy of Said  602 Complaint

_____

_____

_____

**NOTICE:**    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.** Booth, 532 U.S. at 734.

## III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A.    Defendant ____.BASS_____ is employed as  Correctional Officer
             _____ at  Corcoan STATE Prison—Corcoran

2

IV.   Statement of Claim

(State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. <u>Attach extra sheets if necessary</u>.) ✳

ON March 21, 2003, at approximately 7:45 pm, Plaintiff was attacked/Assaulte by (2) Two Correctional Officers BASS and G.Miranda, after being placed back in side my assigned cell 4B11-052R, Yo BASS uncuffed Plaintiff left hand, then proce eded to uncuff Plaintiff right hand, while doing so defendant BASS Pulled th waste chain violently Pulling Plaintiff hand arm half way out, stating: Don't ever tal to my lieutenant like that, "YOU FUCKING NIGGER", then ordered Yo Miranda to O.C. Pepper Spray Plaintiff.

V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Plaintiff would like for the court to grant Plaintiff's complaint FIRE THESE Officer's...! Grant Punitive damages...AND COMPENSATION.

Signed this ____25th___ day of ___April_____, 2010_____ .

_X. Shipard_
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

___4/25/2010___
(Date)

_So Mont T Shepard_
(Signature of Plaintiff)

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

LAMONT SHEPARD,

        Plaintiff,

    V.

.BASS, G. Miranda, et al.,

        Defendants.

_____/

CASE NO._____

COMPLAINT
CIVIL ACTION

I. Plaintiff Lamont Shepard, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. §1983 on

II. Plaintiff claims

Plaintiff, who is incarcerated at the California State Prison - Corcoran, alleges that on March 21, 2010, Plaintiff was escorted back to his assigned cell 4B1L·052R, from an 115 hearing, after being secured behind a steel metal door, Defendant Bass, uncuffed Plaintiff left wrist, then proceeded to uncuff Plaintiff right wrist, while doing so, defendant BASS YANKEd the wrasle chains violently pulling, Plaintiff right arm halfway out stating; "DON'T YOU ever talk to MY Lieutenant Like that, YOU FUCKING NIGGER", then ordered defendant Miranda to O.C. Pepper spray Plaintiff.

1

A. Excessive Force Claim

Plaintiff alleges a claim for use of excessive physical force, arising out of Defendants Bass, and Miranda's actions in Yanking on wraste chain causing inguirie and for O.C. Pepper Spraying.

The malicious and sadistic use of force by Defendant's BASS and miranda was done to cause harm, Hudson v. McMillian 503 U.S. 1, 8 (1992). regardless of whether or not significant injury is evident.

"The Eighth Amendment's Prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."

B. Racial Discrimination Claim

Plaintiff alleges a claim for Racial Discrimination arising out of Defendant BASS, by stating: "Don't you ever speak to my lieutenant like that." YOU FUCKING, NIGGER"! CDCR, prohibit thier officers from using improper language while on duty. [1]

III. Conclusion of Complaint

Plaintiff's complaint states a claim against Defendants BASS and miranda for Excessive Force and Racial Discrimination arising out of the administration of O.C. Pepper Spray and for use of excessive force.

Dated: 4/25/2010

L. Shupard

Plaintiff in Pro se in forma Pauperis

---

[1] 3391. Employee Conduct.

(a) Employee shall be alert, courteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public. Inmates and parolees shall be addressed by their proper names, and never by derogatory or slang reference. Employees shall not use indecent, abusive, profane, or otherwise improper language while on duty.

2

1. This is a civil rights action 42 U.S.C. §1983. This court has jurisdiction under 28 U.S.C. §1343. Plaintiff also invokes the pending jurisdiction of this court Hagans v. Lavine 415 U.S. 528; 545,-57, 94 S.Ct. 1372 (1974).

## V. PARTIES

2. Plaintiff, LaMont Shepard, is presently incarcerated at Corcoran State C-S-P- Corcoran, California 93212.

3. Defendant Correctional Officer Bass, is responsible for the oversee and protection of all prisoners in Corcoran State Prison Corcoran, including the supervision and protection of plaintiff, He is sued in his individual and official capacities.

AT all times Defendant Bass acted under the color of state law:, will v. Michigan Dept. of State Police. (1989)491 U.S. 58 [109 S.Ct. 2304;

4. Defendant Correctional Officer Miranda, is responsible for the oversee and protection of all prisoners in Corcoran State Prison Corcoran, including the supervision and protection of plaintiff, He is sued in his individual and official capacities.

AT all times Defendant Miranda acted under the color of state law:, Ibid.

## STATEMENT OF THE Facts

5. On Sunday, March 21, 2010, at approximately 7:00 / 1900 hours, Plaintiff was called out for a Administrative Rule violation hearing, at 1945 hours, plaintiff was escorted back to my assigned quarters, 4B1L-052R.

Defendant Bass, uncuffed my left wrist, before doing so defendant. unlocked the waist chain, Plaintiff handed defendant bass the chain. Defendant then proceeded to uncuff my left wrist, then my right wrist, as defendant was doing so, defendant violently slammed down on the handcuffes with

3.

his left hand in pulled the handcuffs violently backwards causing Plaintiff hand and arm to be pulled have way out the foodport causing injuries to Plaintiff wrist and arm:[1] stating:"DONT fucking ever talk to my lieutenant like that, "YOU FUCKING NIGGER"![2] Defendant Bass, action was applied "maliciously or sadistically for the very purpose of causing harm" Hudson v. McMillan (1992) 501 U.S. 294 [112 s.ct. 995 ;117 L.Ed .2d 251.].

Whitely v. Albers (1986) 475 U.S. 312 [106 s. ct. 1078; 89 L.Ed 2d 251 ].

6. Defendant Bass, then ordered defendant Miranda to O.C. Pepper Spray Plaintiff ,However; defendant Miranda O.C. Pepper sprayed defendant Bass, then turned on Plaintiff.

7. However, due to: Plaintiff was stuck on the cell door due to; defendant bass Pulling on the chain. Plaintiff midsection and right hand was maced. The two defendants then ran out the section, laughing...

8. Due to: Defendant Bass actions, the handcuff Key broke off in the release hold, causing Sgt.Mason to to have to cut the handcuff off with bolt-cutters.

9. On, March 26, 2010, a Friday, Plaintiff was finally seen by nurse Dava,for the Injuries Plaintiff received on march 21,2010, by defendant bass, Inadequate medical care violates the U.S. Constitution's Eight Amendment on cruel and unusual punishment, due to: Medical lack of care, due to; Plaintiff had appointment for 3/23/2010 ,and medical

---

1/ See Government Code § 844.6 (d).

2/ ·Race discrimination by Prison officials is unlawful 3004. Rights and Respect of others. (c) Inmates, Parolees and employees will not openly display disrespect or subject other person to any form of discrimination because of race.

4.

refused to call Plaintiff on said date..

10. Plaintiff on 3/24/2010, resubmitted a medical request, on 3/26/10 Plaintiff was then seen. This amount to "deliberate indifference".

## II. FIRST CAUSE OF ACTION

11. The actions by defendants in paragraphs 1 through 10, denies Plaintiff of his due process fourthteen Amendment clause.. Eighth Amendment rights, and "deliberate indifference". Excessive force. claim, of cruel and unusual punishment.

12. Plaintiff, due process, rights were violated when medical refused to treat Plaintiff injuries, amounting to "deliberate indifference".

13. Plaintiff, Eighth Amendment rights were violated when defendant BASS yanked on the chain causing injurie to Plaintiff, amounting to exressive force.

## VII. RELIEF

Wherefore, Plaintiff request the Honorable court to grant the following relief:

(A) Issue declaratory that defendants violated the United states constitution when he/she:
1). USED EXCESSIVE force causing injury to Plaintiff;
2). USED O.C. Pepper Spray on Plaintiff;
3). USED RACIAL Discrimination toward Plaintiff.
4.) REFUSED Plaintiff Medical treatment..

(B) Grant compensation damages in the amount of the following:
1). 5,000 against officer BASS;
2). 5,000 against officer Miranda;

3). 5,000. again L.v.n Dava;

(c) Grant Punitive damages of 100,000 against Defendant BASS, Miranda, and Dava, to deter the use of excessive force and cruel and unusual Punishment;

(D) GRANT attorney fee, accumulative cost all other relief this court deems necessary.

DATED: 4/25/2010

X. Shepard

.LAMONT SHEPARD, in Pro Se:
PLAINTIFF:

Lo.

PROOF OF SERVICE BY MAIL

I, LAMont Shepard _____ declare that I am over 18 years of age, and a

party to the attached herein cause of action, that I reside at California State Prison at

Corcoran, in the County of King, California.

My mailing address is: P.O. BOX 8800 _____ Corcoran

California, 93212 _____.

On _____, 20___, I delivered to prison officials for mailing, at the

above address, the attached: Civil Action Complaint. _____

_____

_____

in sealed envelope(s), with postage fully prepaid, and addressed to the following:

(1) UNITED STATES DISTRICT COURT _____ (2) _____

EASTERN DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK

2500 TULARE STREET, ROOM 1-505 _____

U.S. COURTHOUSE BUILDING
FRESNO, CALFORNIA 93721 -2201

(3) _____ (4) _____

_____ _____

_____ _____

_____ _____

I declare under penalty of perjury that the foregoing is true and correct to the best of
my knowledge. Executed this 25 day of April _____, 20 10, at
California State Prison, Corcoran.

L. Shepard

In Pro Per