# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD, | CASE NO. 1:10-cv-00754-SKO PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| BASS, et al., | |
| Defendants. | (Doc. 1) |
| | RESPONSE DUE WITHIN 30 DAYS |

Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at the California State Prison in Corcoran, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth and Fourteenth Amendments. Plaintiff names Bass (correctional officer), Miranda (correctional officer), and Dava[1] (licensed vocational nurse) as defendants ("Defendants"). For the reasons set forth below, the Court finds Plaintiff's complaint states some cognizable claims. The Court will order Plaintiff either to file an amended complaint which cures the deficiencies in his claims or to notify the Court that he wishes to proceed only on the claims found to be cognizable in this order.

///

---

[1] Dava is not listed as a defendant under the "Parties" section of Plaintiff's complaint, but Plaintiff requests relief against him/her in the "Relief" section of his complaint.

1

I.   **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

II.   **Background**

Plaintiff alleges he was injured and pepper sprayed on March 21, 2010 by Defendants Bass and Miranda. Plaintiff was escorted to his cell and Bass began to remove Plaintiff's restraints. While removing Plaintiff's wrist restraints, Bass violently pulled the handcuffs backwards causing Plaintiff's hand and arm to be pulled through the food port. Bass stated, "Don't fucking ever talk to my lieutenant like that you fucking nigger." (Compl. 8, ECF No. 1.) Bass then ordered Miranda to pepper spray Plaintiff. However, "Miranda sprayed defendant Bass, then turned on Plaintiff." (Compl. 8, ECF No. 1.) Plaintiff claims that his mid-section and right hand were sprayed. The two

2

officers then ran away laughing. Plaintiff claims that the handcuff key broke and a sergeant had to remove the handcuffs using bolt cutters.

On March 26, 2010, Plaintiff saw Defendant Dava for treatment for the injuries that he received from Bass and Miranda. Plaintiff does not identify what injuries he sustained, or what treatment he needed. However, Plaintiff alleges that the treatment he received was inadequate and amounted to cruel and unusual punishment. Plaintiff claims he submitted other requests for medical treatment but was either ignored or received deficient treatment.

### III.	Discussion

#### A.	Eighth Amendment Claims

Plaintiff claims his rights under the Eighth Amendment were violated by Defendants. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

///

///

3

### 1.   **Excessive Force Claims**

Plaintiff claims Defendants Bass and Miranda violated the Eighth Amendment by using excessive force on Plaintiff. Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

Plaintiff claims Defendant Bass yanked Plaintiff's handcuffs and caused injury by forcing Plaintiff's hands and arms through the food port in his cell. Plaintiff also alleges he was pepper sprayed by Miranda upon orders by Bass. Plaintiff alleges the use of force was excessive because Bass was merely upset about something Plaintiff said to Bass' lieutenant. Plaintiff states a cognizable claim against Defendants Bass and Miranda for the use of excessive force in violation of the Eighth Amendment.

### 2.   **Medical Treatment Claims**

Plaintiff claims his Eighth Amendment rights were also violated because of the deficient medical treatment he received. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. To state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055

4

(9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. To constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

Plaintiff does not identify what injuries he sustained or what medical treatment he needed. Nothing in Plaintiff's complaint suggests Plaintiff had a serious need for medical treatment, or that any defendant was aware of Plaintiff's serious need for medical treatment. Plaintiff's vague and conclusory allegations are not sufficient to state a claim under Section 1983.

**B.     Fourteenth Amendment Claims**

    **1.     Due Process Claims**

Plaintiff claims Defendants Bass and Miranda violated Plaintiff's due process rights by using excessive force against Plaintiff. Plaintiff cannot maintain a duplicative claim under the Fourteenth Amendment for the use of excessive force because the Eighth Amendment provides an explicit textual source of constitutional protection for Plaintiff's right to be free from the use of excessive force. See Whitley v. Albers, 475 U.S. 312, 327 (1986) ("the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners in cases . . . where the deliberate use of force is challenged as excessive and unjustified" and "in these circumstances the Due Process Clause affords respondent no greater protection than does the Cruel and Unusual Punishments Clause.") Plaintiff's claims will proceed under the Eighth Amendment and not under the Fourteenth Amendment.

    **2.     Equal Protection Claims**

Plaintiff claims he was denied equal protection because Defendant Bass used racial epithets during the use of force incident. Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under

///


Section 1983. <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987). Accordingly, Plaintiff fails to state any equal protection claims based on Defendant Bass' use of racial epithets.

### IV.     Conclusion and Order

Plaintiff's complaint states cognizable claims against Defendants Bass and Miranda for use of excessive force in violation of the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff two (2) summonses and two (2) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Bass and Miranda for use of excessive force in violation of the Eighth Amendment; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   November 22, 2010**            /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE