# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>        Plaintiff,<br><br>    v.<br><br>BASS, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:10-cv-00754-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 22, 29, 31)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.  Background**

Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint, filed April 30, 2010, against Defendants Bass and Miranda for excessive force in violation of the Eighth Amendment. On April 29, 2011, Defendants filed a motion to dismiss. (ECF No. 22.)  Defendants filed a reply to Plaintiff's opposition on July 5, 2011.  (ECF No. 29.)  Since Plaintiff's opposition was not filed with the Court, an order issued on August 17, 2011, directing Plaintiff to file his opposition to Defendants' motion to dismiss.  (ECF No. 30.)  Plaintiff filed an opposition on August 25, 2011.  (ECF No. 31.)

**II.  Motion to Dismiss**

    **A.  Motion to Dismiss Standard**

In considering a motion to dismiss for failure to state a claim, the court generally considers only the pleadings and must accept as true the allegations in the complaint.  Marder v. Lopez, 450 F.3d 445,  448 (9th Cir. 2006); Shaver v. Operating Engineers Local 428 Pension Trust Fund, 332

F.3d 1198, 1201, 1203 (9th Cir. 2002). A court may consider evidence that the complaint relies on, where the complaint refers to a document that is central to the complaint and no party questions the authenticity of the document. Marder, 450 F.3d at 448; see United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Additionally, the court is to "construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor." Hebbe v. Pliler, 611 F.3d 1202, 1204 (9th Cir. 2010). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hebbe, 611 F.3d at 1205.

Rule 8(a)'s pleading standard applies to "all civil actions and proceedings in the United States district courts." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Fed. R. Civ. Pro. 1). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). The statement must simply "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S 41, 47 (1957).

### B.   Argument of Parties

Plaintiff has brought this suit against Defendants in their individual and official capacities and is seeking declaratory relief. Defendants argue that they are entitled to immunity under the Eleventh Amendment for suit brought against them in their official capacities seeking monetary damages and Plaintiff is not entitled to declaratory relief. The Eleventh Amendment bars private damages actions against states in federal court. Plaintiff's suit seeking damages against Defendants in their official capacities is essentially seeking damages against the state. Since a suit for damages against a state actor in his official capacity is barred by the Eighth Amendment, Defendants move to dismiss Plaintiff's official capacity claims.

Additionally, Defendants argue that Plaintiff is not entitled to declaratory relief. Since declaratory relief will "neither serve a useful purpose in clarifying and settling the legal relations at issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties" Plaintiff's claims for injunctive relief should be dismissed and Plaintiff's only claims should be for monetary damages.

F.3d 1198, 1201, 1203 (9th Cir. 2002). A court may consider evidence that the complaint relies on, where the complaint refers to a document that is central to the complaint and no party questions the authenticity of the document. Marder, 450 F.3d at 448; see United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Additionally, the court is to "construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor." Hebbe v. Pliler, 611 F.3d 1202, 1204 (9th Cir. 2010). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hebbe, 611 F.3d at 1205.

Rule 8(a)'s pleading standard applies to "all civil actions and proceedings in the United States district courts." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Fed. R. Civ. Pro. 1). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). The statement must simply "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S 41, 47 (1957).

### B.   Argument of Parties

Plaintiff has brought this suit against Defendants in their individual and official capacities and is seeking declaratory relief. Defendants argue that they are entitled to immunity under the Eleventh Amendment for suit brought against them in their official capacities seeking monetary damages and Plaintiff is not entitled to declaratory relief. The Eleventh Amendment bars private damages actions against states in federal court. Plaintiff's suit seeking damages against Defendants in their official capacities is essentially seeking damages against the state. Since a suit for damages against a state actor in his official capacity is barred by the Eighth Amendment, Defendants move to dismiss Plaintiff's official capacity claims.

Additionally, Defendants argue that Plaintiff is not entitled to declaratory relief. Since declaratory relief will "neither serve a useful purpose in clarifying and settling the legal relations at issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties" Plaintiff's claims for injunctive relief should be dismissed and Plaintiff's only claims should be for monetary damages.

1    Plaintiff opposes the motion arguing that Defendants are not immune from damages in their
2 official capacities and Defendants are not entitled to qualified immunity.
3    Defendants reply that Plaintiff's claims against Defendants in their official capacities fail as
4 a matter of law and Plaintiff's suit should proceed only against Defendants in their individual
5 capacities.

6    **C.    Discussion**

7    "The Eleventh Amendment bars suits for money damages in federal court against a state, its
8 agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety,
9 488 F.3d 1144, 1147 (9th Cir. 2007). A suit brought against prison officials in their official capacity
10 is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783
11 (9th Cir. 1986). While a prison officials may be held liable if "'policy or custom' . . . played a part
12 in the violation of federal law," (Id.) (quoting Kentucky v. Graham, 105 S. C. 3099, 3106 (1985),
13 that is not what is alleged in this action.

14    Plaintiff's complaint alleges that when Defendants Bass and Miranda were returning him to
15 his cell, Defendant Bass slammed down on the handcuffs causing Plaintiff's hands to be pulled out
16 through the food port causing injuries. Defendant Bass then ordered Defendant Miranda to pepper
17 spray Plaintiff. Defendant Miranda pepper sprayed Defendant Bass and attempted to pepper spray
18 Plaintiff. Since Plaintiff's hands were in the food port, only Plaintiff's mid section and hand were
19 hit with the spray. Plaintiff's allegations do not state a cognizable claim against Defendants in their
20 official capacities and the official capacity claims should be dismissed with prejudice.

21    Additionally, Plaintiff is seeking declaratory relief that his rights were violated. "A
22 declaratory judgment, like other forms of equitable relief, should be granted only as a matter of
23 judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village,
24 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful
25 purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford
26 relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759
27 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a
28 verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were

violated.  Since declaratory relief will not clarify and settle legal relationships, terminate the proceedings, or grant relief from uncertainty or controversy, Plaintiff's claims for declaratory relief should be dismissed.  <u>Washington</u>, 759 F.2d at 1357.

### III.    Recommendations

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Defendants' motion to dismiss be GRANTED and Plaintiff's official capacity claims and claims for declaratory relief be dismissed, with prejudice; and

2. This action proceed against Defendants Miranda and Bass, in their individual capacities, for monetary damages.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 7, 2011**              /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE