# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>            Plaintiff,<br><br>      v.<br><br>BASS, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:10-cv-00754-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN EVIDENTIARY HEARING; MOTION FOR RETURN OF HIS SUMMARY JUDGMENT MOTION; AND MOTION TO FILE SUMMARY JUDGMENT MOTION; AND STRIKING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 45, 47, 48, 49)<br><br>ORDER GRANTING PLAINTIFF THIRTY DAYS TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS |

Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 8, 2011, findings and recommendations issued recommending that Defendants' motion to dismiss be granted and Plaintiff's official capacity claims and claims for declaratory relief be granted.  The parties were notified that objections to the findings and recommendations were due within thirty days.  On January 4, 2012, Plaintiff filed a motion for summary judgment.  No objections to the findings and recommendations were filed and on January 10, 2012, an amended order issued adopting the findings and recommendations and dismissing Plaintiff's official capacity claims and claims for declaratory relief.

On January 17, 2012, Plaintiff filed a motion for an evidentiary hearing stating that he had not received the findings and recommendations.  On January 27, 2012, Plaintiff filed a motion

notifying the Court that he had filed a motion for summary judgment and believes that prison officials destroyed his motion for summary judgment in an attempt to help other officers since the Court had not received his motion for summary judgment. In the motion Plaintiff requests an order that Defendants return his summary judgment motion to him or reimburse him for costs. On January 30, 2012, Plaintiff filed a motion for summary judgment and a motion notifying the Court that his motion for summary judgment had been destroyed by prison officials and moving for his summary judgment motion to be filed.

Plaintiff's allegation that prison officials destroyed his motion for summary judgment is without merit. The Court has reviewed Plaintiff's motion for summary judgment and the 178 pages of attached exhibits, filed January 4, 2012, and finds that the exhibits Plaintiff states were submitted with his motion are attached.

Even if the findings and recommendations were not received by Plaintiff, that is insufficient to find that prison officials interfered with Plaintiff's mail, and no evidentiary hearing is necessary. Plaintiff is admonished against making frivolous claims of misconduct by the parties to litigation and further such unsubstantiated attacks upon Defendants could subject Plaintiff to sanctions, including dismissal of this action.

Plaintiff's motion for summary judgment has been received and shall be considered in due course. Since Plaintiff claims that he did receive the findings and recommendations, a copy shall be sent to Plaintiff and he shall be granted thirty days in which to file objections to the findings and recommendations.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for an evidentiary hearing, filed January 17, 2012, is DENIED;
2. Plaintiff's motion to file the duplicate copy of the motion for summary judgment, filed January 30, 2012, is DENIED;
3. Plaintiff's motion for summary judgment filed January 30, 2012, is STRICKEN from the record as duplicative;
4. Plaintiff's motion for an order directing Defendants to return his summary judgment motion, filed January 27, 2012, is DENIED;

5. The office of the clerk shall send Plaintiff a copy of the findings and recommendations issued November 8, 2011; and

6. Within thirty days from the date of service of this order Plaintiff may file an objection to the findings and recommendations.

IT IS SO ORDERED.

Dated:   **February 2, 2012**                         **/s/ Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE