# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>            Plaintiff,<br><br>    v.<br><br>BASS, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:10-cv-00754-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF No. 64) |

**I.   Background**

Plaintiff Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Following resolution of the parties' cross-motions for summary judgment, this action is now proceeding on Plaintiff's complaint, filed April 30, 2010, against Defendant Bass for excessive force in violation of the Eighth Amendment. This action is set for trial on December 11, 2012. On June 18, 2012, Plaintiff filed a motion for the attendance of incarcerated witnesses. Defendants filed an opposition to the motion on September 13, 2012.

**II.   Motion for the Attendance of Incarcerated Witnesses**

Although Plaintiff's motion is titled motion for the attendance of incarcerated witnesses, Plaintiff brings this motion for the attendance of two incarcerated witnesses and four former inmates.

    **A.   Incarcerated Witnesses**

Plaintiff seeks the attendance of inmates Lemons, CDCR No. 49397, and Powell, CDCR No.

1

F04603.¹ In the second scheduling order, issued June 6, 2012, Plaintiff was informed that his motion for the attendance of incarcerated witnesses "must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts." (Sec. Scheduling Order 2:15-18, ECF No. 63.) Further, Plaintiff was advised that:

> [t]he prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

(Id. at 2:27-3:9.)

In determining whether to grant Plaintiff's motion for the attendance of inmates, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.² Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995).

---

¹Plaintiff states that inmate Ogoline is incarcerated, however a search of the CDCR Inmate Locator shows that no inmate by the name or CDCR No. provided is currently incarcerated. Plaintiff also states that witness Volerie has to be subpoenaed as an eye witness, however there is no identification number provided in the motion and the Court is unable to determine the status of this witness. Further, Plaintiff failed to provide sufficient information as to what Volerie's testimony would be.

²The Court does not have any information regarding the anticipated release date of any of the prospective witnesses. Further, the security risks presented by these inmates does not appear to be beyond those normally present when bringing inmates to court. Accordingly, these factors shall not be addressed.

### 1. **Inmate Powell**

Inmate Powell, CDCR No. F04603, is currently housed at California State Prison, Sacramento, and ordering his attendance at trial would require him to be transferred to an institution closer to the courthouse. Plaintiff has failed to comply with the second scheduling order which requires that he submit a declaration from the witness or himself showing the witness has actual knowledge of relevant events. In his motion, Plaintiff states that inmate Powell can attest to the information in the complaint. Plaintiff's statement is not specific as to how the witness was positioned so that he could see or hear what occurred and the Court is unable to determine whether the testimony he would provide at trial would be beneficial. Therefore, the motion for the attendance of inmate Powell lacks the specificity required by the scheduling order to obtain the attendance of incarcerated witnesses.

### II. **Inmate Lemons**

Inmate Lemons, CDCR No. E49397, is currently housed at Pelican Bay State Prison and ordering his production at trial would require him to be transferred to an institution closer to the courthouse. Plaintiff states that inmate Lemons could easily over hear the incident and heard Defendant Bass ranting and raving racial slurs at Plaintiff. Even if inmate Lemons was near Plaintiff at the time of the incidents alleged and heard Defendant Bass using derogatory language, the witness's presence at trial to testify to such does not demonstrate that Plaintiff was subjected to excessive force, and the testimony will not further resolution of the case. Plaintiff has not described knowledge possessed by the witness which tends to link the defendant to an act rising to the level of excessive force. The inconvenience and expense of transporting inmate Lemons is outweighed by any benefit he could provide at trial.

### B. **Former Inmates**

Plaintiff seeks the attendance of former inmates Evans, CDCR No. F06497, Boyden, CDCR No. F54388, Thomas, CDCR No. V39320, and Ogoline, CDCR No. G58175.[3] In the second scheduling order Plaintiff was advised that it is "the responsibility of the party who has secured an

---

[3] The Court has checked the California Department of Corrections ("CDCR") Inmate Locator and these individuals are not currently in the custody of the CDCR.

unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the Court." (ECF No. 63 at 3:21-23.) Accordingly, Plaintiff motion for the attendance of former inmates Evans, Boyden, Thomas, and Ogoline is denied.

### III.     Conclusion and Order

Plaintiff's motion has failed to provide the specificity required by the scheduling order to obtain the attendance of incarcerated witnesses. Accordingly, Plaintiff's motion for the attendance of incarcerated witnesses, filed June 18, 2012, is HEREBY DENIED.


IT IS SO ORDERED.

Dated:   **September 27, 2012**                          /s/ **Barbara A. McAuliffe**
                                                                    UNITED STATES MAGISTRATE JUDGE