# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BASS, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-00754-LJO-BAM PC<br><br>ORDER VACATING HEARING DATE OF OCTOBER 9, 2012, AND TRIAL DATE OF DECEMBER 11, 2012<br><br>ORDER GRANTING DEFENDANT'S REQUEST TO POSTPONE THE TRIAL DATE<br><br>(ECF No. 73, 74)<br><br>AMENDED SECOND SCHEDULING ORDER<br><br><u>Jury Trial</u>:　January 29, 2013, at 9:00 a.m. in Courtroom 4 (LJO) |

　　　Following resolution of the parties' cross-motions for summary judgment, this action is now proceeding on Plaintiff's complaint, filed April 30, 2010, against Defendant Bass for excessive force in violation of the Eighth Amendment. (ECF No. 62.) The action is set for trial on December 11, 2012, before the undersigned. On August 22, 2012, Defendant filed a motion to postpone the trial. (ECF No. 73.) Plaintiff filed an opposition to the motion on September 4, 2012. (ECF No. 74.) A hearing on the motion to postpone trial is set for October 9, 2012. The Court has reviewed the moving papers and finds this matter suitable for resolution without oral argument. <u>See</u> Local Rule 230(g). The hearing date of October 9, 2012, is therefore vacated and the parties shall not appear.

　　　Defendant requests that the trial be postponed until after the first of the year because lead trial counsel has a the re-trial of an employment law action in Los Angeles Superior Court that is anticipated to run from November 13, 2012, to December 12, 2012. Plaintiff argues that Defendant

has multiple attorneys that can try this action until lead counsel is available to take over the trial, or can postpone the matter currently set in Los Angeles Superior Court. Plaintiff also states that he has a trial scheduled in Shepard v. Quillen, 1:09-cv-00809-LJO-BAM PC (E.D.Cal.), which could overlap and would prejudice Plaintiff. In response to the Court's request for additional briefing, defense counsel has submitted a declaration stating that the November 13, 2012, trial is expected to proceed close to the scheduled date due to the length of the trial and the number of witnesses involved. The prison litigation unit of the firm consists of four attorneys, of which only Ms. Coleman has previous trial experience.

Whether to grant or deny a continuance is within the broad discretion of the district court. United States v. Kloehn, 620 F.3d 1122, 1126 (9th Cir. 2010). In deciding whether to grant the request for a continuance, the court is guided by the four factor inquiry set forth in United States v. Flynt, 756 F.2d 1352, 1357 (9th Cir. 1985). Kloehn, 620 F.3d at 1127. The court is to consider the extent of the diligence of the party in preparing for the hearing; how likely the need for the continuance will be achieved by granting it; the extent to which the continuance inconveniences the court and opposing party, including witnesses; and the prejudice to the party if the continuance is denied. Kloehn, 620 F.3d at 1127; Flynt, 756 F.2d at 1357; see Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) (applying four party test to civil action).

There is nothing in the record to demonstrate lack of diligence in preparing for trial by defense counsel. The trial is currently scheduled for December 11, 2012, and defense counsel requested that Plaintiff stipulate to a continence on August 9, 2012, approximately four months prior to the scheduled trial date. At this juncture, the pretrial order has not yet issued and the telephonic trial scheduling conference shall be held on October 25, 2012. Any inconvenience or prejudice to Plaintiff due to Shepard v. Quillen, 1:09-cv-00809-LJO-BAM PC (E.D.Cal.), can be addressed by choosing a trial date that does not conflict with the trial date set in that action. If the request for a continuance is not granted, Ms. Coleman, the only attorney in the prison litigation unit with previous trial experience, and who has been retained based upon her experience in this type of litigation, will be unavailable for the trial. Finally in their pretrial statements, the parties state they are amendable to settlement negotiations and postponing the trial will allow time to pursue settlement.

Accordingly, Defendant's request to postpone the trial date is granted.

    Based on the foregoing, IT IS HEREBY ORDERED that:

1. The telephonic conference set for October 9, 2012, is VACATED.
2. Defendant's request to postpone the jury trial, filed August 22, 2012, is GRANTED;
3. The jury trial set for December 11, 2012, at 8:30 a.m. in Courtroom 4 is VACATED;
4. This matter is set for jury trial before the Honorable Lawrence J. O'Neill on **January 29, 2013, at 8:30 a.m.** in Courtroom 4;
5. All other established deadlines in this action shall remain unchanged; and
6. This matter is referred back to the Magistrate Judge for a settlement conference.

IT IS SO ORDERED.

**Dated:   October 4, 2012**　　　　　　　　　　/s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE