# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BASS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-00754-LJO-BAM PC<br><br>ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO 1 AND GRANTING IN PART DEFENDANT'S MOTION IN LIMINE NO. 2<br><br>(ECF Nos. 98, 99, 111, 112) |

**I.　Background**

This action is proceeding on Plaintiff's complaint, filed April 30, 2010, against Defendant Bass for excessive force in violation of the Eighth Amendment, and is currently set for jury trial before the undersigned on December 18, 2012. On November 12, 2012, Defendants filed motions in limine. (ECF Nos. 98, 99.) Plaintiff filed opposition to the motions on November 29, 2012. (ECF Nos. 111, 112.)

**II.　Allegations Proceeding in this Action**

On March 21, 2010, Defendant Bass and Officer Miranda escorted Plaintiff to a rule violation hearing. During the rule violation hearing, Plaintiff and the senior hearing officer had a verbal confrontation. After the hearing, Defendant Bass and Officer Miranda escorted Plaintiff back to his cell. Plaintiff alleges that as he was placed back in his cell, Defendant Bass removed the handcuff from Plaintiff's right wrist and relocked it by slamming down on the handcuffs causing injury to Plaintiffs' right wrist. Defendant Bass pulled on Plaintiff's waist chain and stated, "Don't ever talk to my lieutenant like that you <u>fucking n. word</u>." Officer Miranda then pepper sprayed Plaintiff in

the mid section as Defendant Bass pulled Plaintiff to the cell door food port.

### III.   Motions In Limine

#### A.   Legal Standard

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

#### B.   Defendant's Motion in Limine No. 1

Defendant moves to exclude any testimony, questions, or arguments regarding the "Code of Silence" or "Green Wall." (Motion in Limine No. 1 1, ECF No. 98.) Defendant argues that the terms are not applicable here. Defendant further argues that Plaintiff has not introduced any proof that such conditions exist and the introduction of the testimony would be irrelevant, overly prejudicial and an undue consumption of time. (Id. at 2.) Defendant moves to have Plaintiff precluded from making inflammatory arguments, asking inflammatory questions, or presenting any testimony or evidence regarding the "code of silence" or "the green wall." (Id. at 3.)

Plaintiff opposes the motion arguing that arguments, evidence, and testimony regarding the "Code of Silence" and "Green Wall Corcoran Sharks" is relevant and not prejudicial. (Opp. 3, ECF No. 111.) Plaintiff contends that Defendant Bass is a member of the "Corcoran Green Wall Sharks," which is a racist group that attacks black inmates, and knew he was protected from being disciplined. Plaintiff states that Corcoran State Prison is racist against black inmates, as shown by their 100 percent conviction rate. When an officer says an inmate has attacked him it is believed without question. (Id. at 3.) Plaintiff states that he has evidence to support his claim from Defendant Bass'

personnel file, and if he is allowed to pull every lawsuit filed from 2008 to 2012 he would be able to prove that Corcoran is a racist institution. Plaintiff claims the testimony is not inflammatory because Defendant can present testimony to rebut the claim. Plaintiff requests an order allowing all testimony on the "code of silence" and "Green Wall Corcoran Sharks." (Id. at 4.)

"Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The issue to be decided by the jury in this action is whether Defendant Bass used excessive force in rehousing Plaintiff in his cell. The Court finds that testimony or arguments regarding the "Code of Silence" or "Green Wall" would have little if any relevance in determining whether Defendant Bass used force maliciously and sadistically for the purpose of causing harm or in a good faith effort to restore order. Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S. Ct. 995, 998 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S. Ct. 1078, 1085 (312).

Plaintiff has not produced any evidence that the "Green Wall Sharks" exist as a gang or that Defendant is a member of any such group. The assertion that Corcoran officers are racist because all black inmates are found guilty is without foundation and speculative. While Plaintiff states that he seeks to prove that the "Green Wall Corcoran Sharks" exist and are a racist group that target black prisoners, this is not at issue in this action.

If testimony regarding the "Code of Silence", "Green Wall", or "Green Wall Corcoran Sharks" was to be admitted during the trial, it would serve to cause confusion on the issues to be decided in this action and mislead the jury. Presentation of such evidence would create a trial within the trial and would waste the time of the jury and the Court. Finally, the proposed testimony would likely result in unfair prejudice against Defendant Bass. See Allen v. City of Los Angeles, No. 2:10-cv-04695 CAS (RCx), 2012 WL 1641712, at *2 (C.D.Cal. May 7, 2012) (finding use of term "Code of Silence" unduly prejudicial); Engman v. City of Ontario, No. 5:10-cv-00284-CAS (PLAx), 2011

3

1  WL 2463178, at *4 (C.D.Cal. June 20, 2011) ( use of terms such as "Code of Silence", "Wall of
2  Silence", "testilying", etc. are unfairly prejudicial to defendant); Buckley v. Evans, No. 2:02-cv-
3  01451-JKS, 2007 WL 2900173, *5 (E.D. Cal. Sept. 28, 2007) (precluding plaintiff from introducing
4  evidence of "Code of Silence" and "Green Wall").  Thus, the Court finds that the probative value
5  of such evidence is substantially outweighed by the danger of unfair prejudice.
6      Plaintiff may argue that any correctional office who testifies for the defendant is prejudiced
7  and is lying for his fellow officers simply because they work together, are affiliated with one another,
8  or are friends.  In all other respects, Defendant's motion in limine no. 1 is granted.  Discussing the
9  "Code of Silence", "Green Wall", or "Green Wall Sharks" will not be allowed on the grounds of
10 speculation, foundation, hearsay, and the danger of undue prejudice under Federal Rule of Evidence
11 403.

    **C.**    **Defendant' Motion in Limime No. 2**

13     Defendant moves to require Plaintiff to be handcuffed and in shackles throughout the
14 duration of the trial.  (Motion in Limine No. 2 1, ECF No. 99.)  Defendants argue that there is an
15 extreme need for Plaintiff to remain shackled and in handcuffs during trial because leaving Plaintiff
16 unshackled for even a minute at trial would be dangerous.  First, Plaintiff has been convicted of two
17 counts of first degree murder, one count of attempted first degree murder, one count of assault with
18 a firearm, and one count of battery by a prisoner.  Second, Plaintiff is a disciplinary problem in
19 prison.  Plaintiff is a maximum custody inmate housed in the Security Housing Unit at Corcoran
20 which is reserved for inmates whose conduct endangers the safety of others or the security of the
21 institution. During his incarceration, Plaintiff has been disciplined at least five times for committing
22 battery on a peace officer or attempting to assault staff, disobeying peace officers, and delaying peace
23 officers.  (Id. at 3.)  Plaintiff's history indicates a propensity to commit violence and disrupt order.
24 (Id. at 3-4.)  Further, Plaintiff is a member of the Crips gang, and it is conceivable that gang members
25 could be attending the trial of this action making it important for Plaintiff to be shackled to maintain
26 courtroom security.  Finally, Defendant argues that there is no danger of prejudice from requiring
27 Plaintiff to be handcuffed and shackled because he is a state prisoner and admitted in his pretrial
28 statement that he is serving a life sentence for first degree murder.  (Id. at 4.)

     Plaintiff opposes the motion on the ground that it would be overly prejudicial and highly inflammatory to have Plaintiff shackled during trial. (Opp. to Defendant's Motion in Limine No. 2 1, ECF No. 112.) Plaintiff argues that requiring him to remain in handcuffs and shackles during the trial is extreme. Plaintiff contends that Defendant Bass assaulted him and he is not requesting that Defendant Bass be handcuffed during trial, such a request is outrageous and stupid from either party. Plaintiff argues that there is no need for additional security since Plaintiff will be escorted by two correctional officers. Plaintiff states that he does not actually object to being in shackles and/or handcuffs, but it is extreme since Defendant Bass is the "notorious prison guard gang member." (Id. at 2.) Plaintiff argues that he has not been convicted of two counts of first degree murder and is not a disciplinary problem in prison, since all the charges are false. While Plaintiff admits that he is a gang member, he does not affiliate with the Crips because there is no such thing. (Id. at 3.)

     When a civil action involves an inmate, the court should be wary of requiring the inmate to appear in restraints. See Tyars v. Finner, 709 F.2d 1274, 1284-85 (9th Cir. 1983); Ellis v. Navarro, No. 4:07-cv-05126 SBA, 2012 WL 3580284, at *5 (N.D.Cal. Aug. 17, 2012). While a trial court has the discretion to order that an inmate appear in shackles, the decision is guided by a two part test. Morgan v. Bunnell, 24 F.3d 49, 51 (9th Cir. 1994); Ellis, 2012 WL 3580284, at *5. "First the court must be persuaded by compelling circumstances that some measure was needed to maintain the security of the courtroom. Second, the court must pursue less restrictive alternatives before imposing physical restraints." Morgan, 24 F.3d at 51 (internal punctuation and citations omitted). Shackling an inmate is proper where a serious threat of escape or danger to those in and around the courtroom exists. Wilson v. McCarthy, 770 F.2d 1482, 1485 (9th Cir. 1985). "The judge has wide discretion to decide whether a defendant who has a propensity for violence poses a security risk and warrants increased security measures." Morgan, 24 F.3d at 51.

     In this instance, Plaintiff has been convicted of two counts of first degree murder and battery by a prisoner. (ECF No. 99-1 at 5.) Defendants have also submitted a committee action summary showing that Plaintiff has four prior SHU terms for battery on a peace officer as recently as 2009, and that he has shown a propensity for violence. The report also indicates that Plaintiff is a suspected Nutty Black Crip gang member. Plaintiff is currently housed in the SHU because he is

considered a security risk. (Id. at 13.)

Based on Plaintiff's convictions for murder and attempted murder, his continued assaultive conduct while incarcerated, and suspected gang membership, Plaintiff does pose a risk of danger to those in the courtroom during the trial of this matter. In this instance, there are compelling circumstances to show that some measure of restraint is needed to maintain the security of the courtroom.

It is the standard practice of this Court that any civil trial plaintiff who has been convicted of a felony will remain shackled at the ankles to the floor. The shackles will not be in sight of the potential jury during voir dire or the jury once it is selected as the counsel tables are skirted. Plaintiff will testify from the counsel table in order for him to have his exhibits, notes, and other documents within easy reach during his testimony. Should any safety related event occur during the trial, for example, physical violence by Plaintiff, this will be his statement to the Court that he is no longer willing to abide by the rules of civility, and that he is asking the Court to dismiss his case. Under those circumstances, the Court would likely grant that implied request.

**IV.  Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion in limine no. 1 is GRANTED and Plaintiff is precluded from any testimony, questions, or arguments regarding the "Code of Silence", "Green Wall", or "Green Wall Corcoran Sharks"; and
2. Defendant's motion in limine no. 2 is GRANTED IN PART and Plaintiff shall be shackled at the ankles during the trial of this matter.

IT IS SO ORDERED.

**Dated:    December 10, 2012**              /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE